# United States Court of Appeals
### For the Eighth Circuit

_____

No. 13-2035

_____

United States of America

*Plaintiff - Appellee*

v.

Michael Walker, also known as Big Mike

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Texarkana

_____

Submitted: January 31, 2014
Filed: February 12, 2014
[Unpublished]

_____

Before LOKEN, BYE, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Michael Walker appeals the 160-month prison sentence the district court[1] imposed after he pleaded guilty to distributing a cocaine base mixture, in violation

_____

[1]The Honorable Susan O. Hickey, United States District Judge for the Western District of Arkansas.

of 21 U.S.C. § 841(a)(1). Counsel seeks leave to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967).

Walker pleaded guilty pursuant to a written agreement in which he waived, among other things, his right to appeal his conviction and sentence. He reserved the right to appeal his sentence only if it exceeded the statutory maximum for his offense. After conducting careful de novo review of the record before us, see United States v. Azure, 571 F.3d 769, 772 (8th Cir. 2009), we conclude that Walker entered into the plea agreement and its appeal waiver knowingly and voluntarily, and that no miscarriage of justice would result from enforcing the waiver. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (standard for enforcing appeal waiver). The exception to the waiver does not apply, because Walker's sentence was well below the statutory maximum. We will therefore enforce the appeal waiver in this appeal. Further, we have reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), and we find no nonfrivolous issues for appeal outside the scope of the appeal waiver. Accordingly, we grant counsel's motion, and we dismiss the appeal.

_____